UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DR. FELIX GUZMAN RIVADENEIRA,
    Plaintiff,

vs.

DEPARTMENT OF HOMELAND
SECURITY, et al.,
    Defendants.

Case No. 1:15-cv-394

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

The instant prisoner civil rights action commenced on June 15, 2014 when the *pro se* plaintiff, an inmate at a jail in Woodstock, Illinois, filed a complaint without paying the filing fee or submitting a motion for leave to proceed *in forma pauperis*. (*See* Doc. 1). On July 8, 2015, the undersigned issued a Deficiency Order requiring the plaintiff to "pay $400 ($350 filing fee plus $50 administrative fee) or submit to the Court an *in forma pauperis* application *and* certified copy of his inmate trust fund account statement (or institutional equivalent) for the preceding six-month period" in accordance with 28 U.S.C. § 1915(a)(1)-(2). (*See* Doc. 2) (emphasis added). Plaintiff responded to the Deficiency Order by submitting only the inmate trust fund account statement. (Doc. 3). Therefore, the undersigned issued a second Deficiency Order on August 28, 2015, requiring the plaintiff to "either pay $400 ($350 filing fee plus $50 administrative fee) or submit to the Court an *in forma pauperis* application completed and signed by him" within thirty days. (*See* Doc. 4). The Court's docket record reflects that the second Deficiency Order, which was mailed to the plaintiff at the Illinois jail, was returned as "[u]ndeliverable." (*See* Doc. 5). To date, plaintiff has yet to inform the Court of any change of address. The thirty-day deadline for complying with the second Deficiency Order has also passed.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). Failure of a party to inform the Court of a change in address or to respond to an order of the court warrants invocation of the Court's inherent power in this federal habeas corpus proceeding. *See* Fed. R. Civ. P. 41(b).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

**IT IS SO RECOMMENDED.**


                s/Stephanie K. Bowman
                Stephanie K. Bowman
                United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DR. FELIX GUZMAN RIVADENEIRA,  Case No. 1:15-cv-394
    Plaintiff,

                                        Barrett, J.
vs.                                          Bowman, M.J.

DEPARTMENT OF HOMELAND SECURITY, et al.,
    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc